No. 96-188

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

     Plaintiff and Respondent,

  v.

DAVID EUGENE BOESCH,

     Defendant and Appellant.

APPEAL FROM: District Court of the Twenty-First Judicial District,
In and for the County of Ravalli,
The Honorable Jeffrey Langton, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

        David E. Boesch, Kahului, Hawaii, Pro Se.

     For Respondent:

        Hon. Joseph P. Mazurek, Attorney General,
Patricia J. Jordan, Ass't Attorney General,
Helena, Montana

        George H. Corn, Ravalli County Attorney,
Hamilton, Montana

Submitted on Briefs: October 24, 1996

Decided: November 7, 1996

FILED

Filed: NOV 07 1996

CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

David Eugene Boesch (Boesch) appeals from the judgment and sentence entered by the Twenty-First Judicial District Court, Ravalli County, on his guilty plea to the felony charge of criminal possession of dangerous drugs, having reserved the right to appeal the denial of his pretrial motion to suppress evidence. We affirm.

We restate the issues on appeal as follows:

1. Did the District Court err in finding that law enforcement officers had a particularized suspicion to stop Boesch and, on that basis, in denying his motion to suppress?

2. Did the District Court err in concluding that Boesch's constitutional right to be free from unreasonable searches and seizures was not violated?

The following summarized facts concerning this case, unchallenged by Boesch in this appeal, are taken from the District Court's order denying Boesch's motion to suppress. In the early morning hours of November 23, 1994, Ravalli County Sheriff's Deputy Clint Eckhardt (Eckhardt) was advised, via dispatch transmission, that a private citizen reported having seen a yellow car parked

2

along the side of U.S. Highway 93, pointing south, and containing two apparently intoxicated people. Eckhardt requested that the Stevensville Police Department (SPD) respond while he travelled toward the vehicle; SPD Officer Lance Foster (Foster) responded.

Foster located the vehicle parked as described by the private citizen. Boesch was sitting behind the steering wheel, fumbling with keys near the steering column. According to Foster, Boesch was slow in answering questions, and Foster detected the odors of wine and vomit emanating from the vehicle. He observed a partially empty wine jug on the passenger's side floor and what appeared to be red-colored vomit on the pavement by the driver's side door. Foster also observed a female passenger who, in his opinion, appeared intoxicated. He advised Boesch that a sheriff's deputy was responding and wanted to interview Boesch.

On arrival at the scene, Eckhardt noticed the wine bottle in the vehicle and the odors. Eckhardt told Boesch to cease attempting to start the vehicle and to exit the vehicle. Eckhardt directed Boesch to perform field sobriety tests and, when Boesch failed the tests, arrested him for driving under the influence of alcohol. At that point, Boesch was searched and Eckhardt found a plastic baggie containing what he believed to be hashish and a container with a number of squares of LSD. Eckhardt placed Boesch in his patrol car and returned to interview the passenger, Judy Perkins (Perkins), whom he also believed to be intoxicated.

During a patdown search of Perkins, Eckhardt located what appeared to be a marijuana pipe and placed Perkins in the patrol

3

car with Boesch. As Perkins had exited the Boesch vehicle, Eckhardt noticed various items in plain view between the seats. Those items included a clay marijuana pipe, a backpack with a paper bag sticking out of it which contained two plastic bags full of marijuana, a bag containing a block of hashish, a film canister containing three squares of what was believed to be LSD and several other small paper bags containing marijuana wrapped in plastic. An empty wine bottle was observed behind the passenger's seat. Eckhardt also noticed apparent marijuana residue and leaf, together with ZigZag cigarette papers and rollers, on the dashboard.

The State of Montana (State) subsequently charged Boesch, by information, with two felony counts of criminal possession of dangerous drugs (hashish and LSD) and one misdemeanor count of driving or being in actual physical control of a vehicle on a way of this state open to the public while under the influence of alcohol and/or drugs (DUI). Boesch pleaded not guilty and his counsel filed a motion to suppress the evidence seized from Boesch's person and vehicle at the time of his arrest, on statutory and constitutional grounds. The District Court denied the motion to suppress and Boesch's counsel was allowed to withdraw from further representation. Boesch subsequently waived his right to counsel and the District Court appointed standby counsel.

Thereafter, Boesch and the State entered into a plea agreement pursuant to which Boesch would plead guilty to possession of dangerous drugs (LSD), the State would move to dismiss the other drug charge (hashish) and the DUI charge, the State would recommend

4

a 5-year suspended sentence subject to certain terms and conditions, and Boesch would reserve his right to appeal the denial of his motion to suppress. The District Court accepted the change of plea and ordered a presentence investigation report.

A sentencing hearing was held on February 7, 1996. The court advised that it was not inclined to follow the sentencing recommendations contained in the plea agreement and, therefore, that Boesch was entitled to withdraw his guilty plea. Boesch declined to withdraw the plea and agreed to accept the sentence the court described.

On February 23, 1996, the District Court entered judgment and sentence on Boesch's conviction of the offense of felony criminal possession of dangerous drugs. Boesch appeals, appearing pro se.

At the outset, it is appropriate to comment on the matters Boesch purports to raise. Boesch's brief in this appeal is an amalgam of so-called spiritual precedent, pronouncements about "natural laws and responsibilities" and assertions regarding "non-positive legislation," liberally sprinkled with Latin phraseology. The gist of it all appears to be Boesch's assertion of a right to use drugs pursuant to God-given law, "natural law," and his constitutional right to freedom of religion.

Only the District Court's denial of Boesch's motion to suppress is before us in this appeal. That motion was grounded on the alleged absence of particularized suspicion to stop and investigate him which is required by § 46-5-401, MCA, and this Court's cases thereunder, and the search and seizure provisions of

the United States and Montana Constitutions. Absent the existence of circumstances not before us here, assertions of error not properly raised or preserved in the trial court will not be considered by this Court on appeal. See § 46-20-701, MCA. Therefore, we decline to address the referenced matters Boesch raises in his brief on appeal.

> Did the District Court err in finding that law enforcement officers had a particularized suspicion to stop Boesch and, on that basis, in denying his motion to suppress?

Section 46-5-401, MCA, authorizes a peace officer to stop a person or vehicle observed in circumstances that create a particularized suspicion the person has committed, is committing or is about to commit an offense. Whether a particularized suspicion existed is a question of fact which depends on the totality of the circumstances. State v. Reynolds (1995), 272 Mont. 46, 50, 899 P.2d 540, 542-43. Here, the District Court analyzed the facts surrounding the incident, addressed the applicable statute and cases, and found that a particularized suspicion existed to support the officers' investigation.

Boesch does not challenge the facts as found by the District Court. Nor does he advance any legal authority interpreting § 46-5-401, MCA, which would render the District Court's application of the law to those facts erroneous. An appellant carries the burden of establishing error by the trial court. Moreover, Rule 23, M.R.App.P., requires the appellant to cite to authority which supports the position being advanced on appeal. Boesch has failed to do so. Therefore, we conclude that the District Court did not

6

err in finding that a particularized suspicion existed for the stop and investigation of Boesch and in denying Boesch's motion to suppress.

> Did the District Court err in concluding that Boesch's constitutional right to be free from unreasonable searches and seizures was not violated?

Boesch's motion to suppress also was based on a denial of his right, under both the United States and Montana Constitutions, to be free from unreasonable searches and seizures. Specifically, he contended that the bag of unlawful substances seized from his automobile was not located in plain view and that no other exception to the warrant requirement applied. The District Court analyzed Boesch's argument, as presented, and concluded that his constitutional rights had not been violated.

For the same reasons set forth above with regard to issue one, we need not address this issue on the merits. In addition, the LSD which formed the basis for the one count of criminal possession of dangerous drugs to which Boesch pleaded guilty was that found on his person, not in his vehicle. The only basis on which that evidence was challenged was § 46-5-401, MCA, and we have concluded above that the District Court did not err in that regard. Thus, even a successful challenge to the evidence seized from Boesch's vehicle would not impact the judgment and sentence resulting from Boesch's guilty plea to, and conviction of, the felony offense of criminal possession of dangerous drugs (LSD).

Affirmed.

_____
                Justice

We concur:

_____

_____

_____

_____
Justices

8

November 7, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

David E. Boesch
45 W. Kam Ave.
Kahului, HI 96732


Hon. Joseph P. Mazurek, A.G.
Patricia J. Jordan, Assistant A.G.
215 N. Sanders
Helena, MT 59620

George H. Corn
Ravalli County Attorney
Courthouse Box 5008
Hamilton, MT 59840

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:＿＿＿＿＿＿＿＿＿＿＿＿
Deputy